Filed 6/3/21  P. v. Cruz CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>RICARDO CRUZ,<br><br>　　　Defendant and Appellant. | E076303<br><br>(Super.Ct.No. INF26149)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Dismissed.

Leslie Conrad, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# I.  INTRODUCTION

Defendant and appellant Ricardo Cruz appeals from a postjudgment order denying his Penal Code[1] section 1170.95 petition to vacate his first degree murder conviction and obtain resentencing under the procedures established by Senate Bill No. 1437.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record.  In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so.  As defendant has failed to file a supplemental brief raising any issues for our review, we shall dismiss the appeal.

# II.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On December 6, 1996, at 11 p.m., defendant, the victim, and two prosecution witnesses were drinking beer inside a van near a trailer park dumpster.  The victim and one of the prosecution witnesses were sitting in the front seats, defendant was in the middle seat, and the other prosecution witness was in the rear.  When the front prosecution witness got out of the van to urinate, defendant moved behind the victim and began stabbing him.  Although the victim managed to get out of the van, he died near the dumpster.  Defendant and the victim had argued 15 days earlier over the color of clothing

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

[2]  A summary of the factual background is taken from this court's nonpublished opinion in defendant's prior appeal, case No. E026256.  (*People v. Cruz* (July 3, 2001, E026256) [nonpub. opn.] (*Cruz I*).)

the victim was wearing and its purported ties to a Hispanic gang. (*Cruz I*, *supra*, E026256, at pp. 2-3.)

Defendant was convicted of first degree murder (§ 187) with the personal use of a knife (§ 12022, subd. (b)). The trial court found true that defendant had suffered two prior prison terms (§ 667.5, subd. (b)). Defendant was sentenced to an indeterminate term of 25 years to life, plus a determinate term of three years.

Defendant subsequently appealed, claiming ineffective assistance of counsel, juror misconduct, judicial misconduct, and instructional error. On July 3, 2001, we affirmed the judgment in a nonpublished opinion. (See *Cruz I*, *supra*, E026256, pp.1-17.)

Approximately 20 years later, on October 21, 2020, defendant in propria persona filed a petition for resentencing pursuant to section 1170.95. He declared that he was prosecuted under the felony-murder theory or the natural and probable consequences doctrine; he was convicted of first degree murder under one of those theories; and he could not now be so convicted due to the changes to sections 188 and 189, effective January 1, 2019. He further declared he was not the actual killer, did not aid and abet the murder, and was not a major participant or did not act with reckless indifference to human life in the commission of the felony.

The petition was heard on November 6, 2020. The prosecutor informed the trial court that based on the facts set forth in our 2001 appellate opinion, defendant was the actual killer and did not qualify for relief. Neither counsel was aware of any evidence

that another person was involved. Over defense counsel's objection, the court denied defendant's petition without prejudice. Defendant appealed.

## III. DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case, a summary of the procedural background and potential arguable issues, and requesting this court to conduct an independent review of the record. Counsel has raised the issues of whether defendant is eligible for relief under section 1170.95; whether defense counsel's objection for the record was sufficient to preserve any issue on appeal; and whether the record of the underlying trial, specifically the jury instructions which show the jury was not instructed on either the felony-murder rule or the natural and probable consequences theory, disqualifies defendant from relief under section 1170.95.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo*, rev. granted Feb. 17, 2021, S266305; see Cal. Rules of Court, rule 8.512(d)(2).) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the defendant does not file a supplemental

4

brief.  (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.)  Some cases have explained that we have discretion to review the record independently for arguable issues, either where an initial review does not show the defendant is obviously ineligible for relief (such as when the defendant was convicted on a theory he was the actual killer) or as a routine matter.  (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274.)

In this case, we conclude defendant is not entitled to *Wende* review of an order denying his petition for resentencing under section 1170.95.  Review pursuant to *Wende*, or its federal constitutional counterpart *Anders*, is required only in the first appeal of right from a criminal conviction.  (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537 (*Ben C.*); *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501 (*Serrano*).)

The right to *Anders*/*Wende* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel.  (*Serrano*, *supra*, 211 Cal.App.4th at p. 500; *Ben C.*, *supra*, 40 Cal.4th at pp. 536-537.)  The constitutional right to counsel extends to the first appeal of right, and no further.  (*Serrano*, at pp. 500-501.)  While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his or her substantial rights (Pen. Code, §§ 1237, 1240,

5

subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional.  Thus, defendant is not entitled to *Wende* review in such an appeal.  (See *Serrano*, at p. 501.)  The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction."  (*Ibid*.)  Because defendant has not personally filed a supplemental brief, we will dismiss his appeal as abandoned.

We note, however, that the result would be the same even if we were to exercise our discretion to conduct an independent review.  The jury was not instructed on either felony murder or the natural and probable consequences doctrine, and there is no dispute that defendant was the actual killer.  The trial court correctly denied defendant's section 1170.95 petition.

IV.  DISPOSITION

The appeal is dismissed as abandoned.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON_____
Acting P. J.

We concur:

SLOUGH_____
               J.

FIELDS_____
               J.